NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————

|  |  |  |
|---|---|---|
| JOSE ORTIZ, individually and on behalf of all others similarly situated, | : : : | **Civil Action No. 19-19003 (SRC)** |
|  | : | **OPINION** |
| Plaintiff, | : : |  |
| v. | : : |  |
| GOYA FOODS, INC., et al., | : : |  |
| Defendants. | : : : |  |

———————————————————

**CHESLER**, District Judge

This matter comes before the Court on the motion by Defendants Goya Foods, Inc. ("Goya") and A.N.E. Services, Inc. ("A.N.E.") (collectively, "Defendants") to dismiss the First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Jose Ortiz, Saul Hernandez, and Pedro Urena ("Plaintiffs") have opposed the motion. The Court has considered the parties' submissions. For the reasons that follow, the motion to dismiss will be denied.

### I.    BACKGROUND

This is an action to recover allegedly unpaid wages. The Court summarized the facts giving rise to this lawsuit in its Opinion of April 3, 2020. In the accompanying Order, the Court dismissed the Complaint for failure to state a claim under New Jersey's Wage and Hour Law but also gave leave to amend, to add two parties as Plaintiffs and to permit Plaintiffs to assert a claim

under the Pennsylvania Wage Payment and Collection Law. As it writes this Opinion only for the parties, the Court refers them to the April 3, 2020 Opinion for general background. Here, the Court will focus on the allegations and claims of the Amended Complaint.

According to the Amended Complaint, Plaintiffs are residents of Pennsylvania who maintain sales routes in that state to sell and distribute Defendants' Goya Foods products to retailers and other buyers. Each Plaintiff performs this work for Goya and receives compensation according to some substantially similar version of a contract known as the "Broker Agreement." The Broker Agreement, according to the Amended Complaint, sets the non-negotiable terms of the working relationship between the parties. The Broker Agreement provides that Plaintiffs are independent contractors and expressly disclaims any employer-employee relationship. (Milstrey Decl., Ex. A, B an C at ¶ 4(a)).

Plaintiffs allege that, in spite of the Broker Agreement's characterization, Plaintiffs and other similarly situated salespeople in fact function as employees of Goya. According to the Amended Complaint, Defendants retain and exercise pervasive control over the work performed by Plaintiffs. It alleges:

> The sales representatives are assigned routes to be followed each day. Sales representatives are required to attend periodic meetings in at [sic] Corporate Office in Jersey City and Pedricktown, New Jersey for which they are not paid. Sales representatives are required to wear Goya-labeled apparel. Sales representatives are required to work shifts that are pre-determined by Defendants and are required to work on holidays. Sales representatives were provided two weeks off vacation, paid by Defendants. Defendants unilaterally altered sales representatives['] routes. Defendants unilaterally set the compensation to be paid to the sales representatives.

(Am. Compl., ¶ 39.) Additionally, the Amended Complaint alleges that Defendants determine the prices the sales representatives may charge for products, exercise sole authority over the

customers that may be maintained and require their sales representatives to sell Goya's products exclusively. (Am. Compl., ¶¶ 45-59.) According to Plaintiffs, their work as sales representatives is an integral part of Goya's business.

Plaintiffs claim they have been harmed by Defendants' failure to pay them the wages they are owed under their agreement. The Broker Agreement bases compensation on a commission structure. While the Broker Agreement makes no reference to "wages" to be paid for the sales work, Plaintiffs aver that their "earned commissions" in reality constitute "wages [which are] direct compensation earned and paid on account of the sales representatives' work." (Id., ¶ 32.) Plaintiffs allege that a portion of these earned commissions or wages (to borrow the term from the Amended Complaint) is unlawfully withheld. The Amended Complaint sets forth as follows:

> Defendants make deductions from the wages of Plaintiffs and the proposed class that are illegal under Pennsylvania law. These include deductions for Workers' Compensation insurance, bad/uncollected invoices and a reserve account.

(Id., ¶ 33.)

Based on the foregoing, the Amended Complaint claims that Defendants have violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., and pleads a single count for recovery of unpaid wages, asserted by the Plaintiffs individually and on behalf of a putative class of similarly situated sales representatives.

## II.   DISCUSSION

### A.   Legal Standard

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, the complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). On a Rule 12(b)(6) motion, the Court must accept as true the well-pleaded facts of a complaint and any reasonable inference that may be drawn from those facts but need not credit conclusory statements couched as factual allegations. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The issue before the Court on a Rule 12(b)(6) motion to dismiss "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A district court ruling on a motion to dismiss generally "may not consider matters extraneous to the pleadings." Id. at 1426. However, the court may properly consider documents that form the basis of a claim and documents that are "integral to or explicitly relied upon in the complaint." Id. (citations omitted).

**B.     Pennsylvania Wage Payment and Collection Law**

The sole claim for relief in the Amended Complaint arises under the Pennsylvania Wage

Payment and Collection Law ("PWPCL"), which was enacted "to provide employees a means of

enforcing payment of wages and compensation withheld by an employer." Moser v.

Papadopoulos, 2011 WL 2441304, at *3 (E.D.Pa. June 16, 2011) (quoting Shaer v. Orthopaedic

Surgeons of Cent. Pa., Ltd., 938 A.2d 457, 464 (Pa. Super. Ct. 2007)). Plaintiffs rely on the

PWPCL provision requiring employers to pay their employees all wages earned on regular

paydays. See 43 P.S. § 260.3(a). The provision, in relevant part, states as follows:

> Wages other than fringe benefits and wage supplements. Every employer
> shall pay all wages, other than fringe benefits and wage supplements, due
> to his employes [sic] on regular paydays designated in advance by the
> employer. Overtime wages may be considered as wages earned and
> payable in the next succeeding pay period. All wages, other than fringe
> benefits and wage supplements, earned in any pay period shall be due and
> payable within the number of days after the expiration of said pay period
> as provided in a written contract of employment or, if not so specified,
> within the standard time lapse customary in the trade or within 15 days
> from the end of such pay period.

Id. "Wages" for purposes of the PWPCL include "all earnings of an employee, regardless of

whether determined on time, task, piece, commission or other method of calculation" and "fringe

benefits or wage supplements," such as bonuses or "any other amount to be paid pursuant to an

agreement to the employee . . .." 43 P.S. § 260.2a. The statute authorizes employees "to whom

any type of wages is payable" to institute a civil action "to recover unpaid wages." 43 P.S. §

209(a) and (b).

The PWPCL itself does not entitle an employee to any prescribed wage or minimum

standard of compensation. Numerous state and federal cases have held that a PWPCL claim for

unpaid wages limits a plaintiff to the terms of the agreement between employer and employee

5

concerning compensation. The Supreme Court of Pennsylvania stated, albeit in <u>dicta</u>, as follows:

"The Wage Payment and Collection Law provides employees a statutory remedy to recover

wages and other benefits that are contractually due to them." <u>Oberneder v. Link Computer Corp.</u>,

696 A.2d 148, 150 (Pa. 1997) (citing <u>Killian v. McColloch</u>, 850 F. Supp. 1239, 1255 (E.D.Pa.

1994)). The Third Circuit Court of Appeals, applying Pennsylvania law, has consistently

emphasized that the "WPCL does not create a right to compensation. Rather, it provides a

statutory remedy when the employer breaches a contractual obligation to pay earned wages. The

contract between the parties governs in determining whether specific wages are earned." <u>Weldon</u>

<u>v. Kraft, Inc.</u>, 896 F.2d 793, 801 (3d Cir. 1990) (citations omitted); <u>see also</u> <u>Livi v. Hyatt Hotels</u>

<u>Corp.</u>, 751 F. App'x 208, 212 n.9 (3d Cir. 2018) ("Pennsylvania's WPCL provides a civil

remedy for an employee to recover wages to which she is entitled. It does not independently

establish an entitlement to any particular wages."); <u>De Asencio v. Tyson Foods, Inc.</u>, 342 F.3d

301, 309 (3d Cir. 2003) (following <u>Weldon</u> in observing that, while the PWPCL provides a

remedy, entitlement to compensation must, at a minimum, flow from an implied oral contract, in

the absence of a formal agreement). District courts in the Third Circuit have similarly applied

contractual bounds to the availability and extent of recovery under the PWPCL. <u>See, e.g.</u> <u>Livi v.</u>

<u>Hyatt Hotels Corp.</u>, 2017 WL 5128173, at *15 (E.D.Pa. Nov. 6, 2017) (granting summary

judgment to the defendant on the PWPCL claim because the plaintiff, which had argued it was a

third-party beneficiary, could not demonstrate that it had a contractual entitlement to payment for

its services), aff'd 751 F. App'x 208 (3d Cir. 2018); <u>McGuckin v. Brandywine Realty Tr.</u>, 185 F.

Supp. 3d 600, 606 (E.D.Pa. 2016) (holding that a claim under the PWPCL requires an employee

to aver "contractual entitlement to compensation from wages and a failure to pay that

compensation"); <u>Lehman v. Legg Mason</u>, 532 F.Supp.2d 726, 733 (M.D.Pa. 2007)

("Accordingly, a prerequisite for relief under the WPCL is a contract between employee and employer that sets forth their agreement on wages to be paid."). Thus, to state a plausible PWPCL claim, a plaintiff employee must allege facts demonstrating that he or she was deprived of compensation the employee has earned according to the terms of his or her contract with the defendant employer. Bansept v. G & M Automotive, 434 F. Supp. 3d 253, 260 (E.D.Pa. 2020); see also Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005) ("To present a [PWPCL] wage-payment claim, [the plaintiff] ha[s] to aver that he was contractually entitled to compensation from wages and that he was not paid.").

Defendants argue that Plaintiffs have failed to set forth a plausible claim under the PWPCL for two reasons: (1) the Broker Agreement, the only contract referenced in the Amended Complaint, governs the working relationship between Goya and Plaintiffs and is, by its terms, not an employment contract that entitles Plaintiffs to wages and (2) even if, for purposes of this motion, the Broker Agreement is assumed to constitute the prerequisite employment contract on which a PWPCL must be based, the claim nevertheless fails because Plaintiffs have not alleged that they have been deprived of any compensation owed to them under the terms of that contract.

The first argument elides the central dispute of this case: that Plaintiffs were treated as employees who essentially earned wages based on their sales performance but were deprived of some portion that wage. The premise of the PWPCL claim is that, in spite of the Broker Agreement's labels and terminology, which cast Plaintiffs as independent contractors, Plaintiffs in fact acted as employees of Goya and therefore earned wages, in the form of commissions based on sales. The PWPCL does not define the term "employee." However, it does prohibit parties from using contractual terms to avoid or negate its protections. The PWPCL provides that "[n]o provision of this act shall in any way be contravened or set aside by private agreement." 43

7

P.S. § 260.7. The language of the Broker Agreement is not dispositive in defining the parties'

employment relationship. Cf. Zaragoza v. BASF Const. Chem., LLC, 2009 WL 260772 at *4

(E.D.Pa. Feb. 3, 2009) (holding, in the context of a personal injury suit, that "[i]t is well settled

under Pennsylvania law that parties are not bound by their characterization of the employee-

employer relationship."). Thus, Defendants' contention that the PWPCL claim fails because the

Broker Agreement expressly disclaims an employer-employee relationship and provides for

compensation in the form of commissions, not wages, is unavailing.

      Of course, it is not enough for Plaintiffs to make bald assertions that they are, in practice,

employees of Goya. They must come forward with concrete factual allegations indicating that

they functioned as employees and were treated as such by Defendants. Pennsylvania courts have

applied a multi-factor test to determine whether an individual is an employee within the meaning

of the PWPCL. Razak v. Uber Techs., Inc., 2016 WL 5874822, at *8 (E.D. Pa. Oct. 7, 2016).

These factors include the following:

> the control of the manner that work is to be done; responsibility for result
> only; terms of agreement between the parties; the nature of the work or
> occupation; the skill required for performance; whether one employed is
> engaged in a distinct occupation or business; which party supplies the
> tools; whether payment is by the time or by the job; whether the work is
> part of the regular business of the employer, and the right to terminate the
> employment at any time.

Id. (quoting Morin v. Brassington, 871 A.2d 844, 850 (Pa. Super. Ct. 2005)). The "paramount"

factor, the courts have held, is the "right to control the manner in which the work is

accomplished." Id. Applying these factors, the Court finds that the Amended Complaint pleads

detailed factual allegations that, assumed to be true, more than adequately establish that

Plaintiffs' work and business operations were subject to substantial control by Defendants.

Plaintiffs have made a colorable prima facie demonstration that they are Goya employees.

Defendants' second argument, however, merits close examination. As Defendants have indicated, PWPCL Section 260.3 merely provides a mechanism to recover wages that are contractually due to an employee. Plaintiffs, they argue, fail to state a plausible PWPCL claim because they fail to allege that they have not received any compensation to which they are entitled by contract. Defendants acknowledge that Plaintiffs' claim rests on the theory that deductions taken from the Plaintiffs' respective gross sales commissions have unlawfully reduced their compensation. Defendants point out that the Broker Agreement is the only contract identified in the Amended Complaint and thus sets the bounds of Plaintiffs' entitlement to wages. They emphasize that the Broker Agreement expressly authorizes the complained-of conduct, that is, the deductions and withholdings from gross commissions, and only entitles Plaintiffs to payment once those adjustments have been made. Thus, they argue, Plaintiffs have not and cannot articulate how Defendants' conduct and the compensation they have provided to Plaintiffs violate the Broker Agreement.

In response, Plaintiffs maintain that their PWPCL claim is properly predicated on the theory that the deductions called for by the Broker Agreement violate state Department of Labor regulations, promulgated under the PWPCL, and other Pennsylvania labor laws, such as the Workers Compensation Act. They explain that Defendants' motion mischaracterizes this action as one in which employees are claiming that amounts promised to them by contract have not been paid. Rather, Plaintiffs contend, their PWPCL claim for recovery of wages stems the fact that the Broker Agreement imposes terms which unlawfully deduct and withhold compensation and thus results in a failure to pay Plaintiffs the full amount of wages they have earned. In sum, Plaintiffs argue that Defendants have run afoul of PWPCL § 260.3 by reducing their gross commissions in various ways not permitted by the statute's implementing regulation.

As authority for their argument that amounts withheld from earnings can sustain a PWPCL claim for unpaid wages, Plaintiffs rely primarily on the Superior Court of Pennsylvania's decision in Ressler v. Jones Motor Co. See 487 A.2d 424 (Pa. Super. Ct. 1985). In that case, the appellate court reversed an order granting summary judgment to the defendant employer on a PWPCL claim for recovery of amounts withheld from employee wages. Id. at 425. The withholdings were made in accordance with a written earnings plan, to which the plaintiff employees had agreed. Id. First, the Ressler court found that the withholdings constituted "deductions" and thus were subject to the PWPCL's restrictions on permissible deductions. Id. at 426. Next, the Ressler court went on to evaluate the claim under PWPCL § 260.3 and its implementing regulation, 34 Pa. Code § 9.1, which "sets forth those deductions from wages authorized by law as promulgated by the Department of Labor and Industry." Id. at 427. The regulation, the court noted, lists twelve specific wage deductions an employer may make and also sets forth a catch-all provision for "other deductions authorized in writing by employees as in the Discretion of the Department [of Labor] is proper and in conformity with the intent and purpose of the Wage Payment and Collection Law . . .." Id. at 428 (quoting 34 Pa. Code § 9.1(13)). The Ressler court reasoned that in spite of the written agreement by the plaintiff employees to be bound by the earnings plan, the subject wage deductions fell into the catch-all category and were thus subject to the approval of the Department of Labor. Id. Because there was an open question of fact regarding the Department of Labor's approval of the deductions, the court held that summary judgment on the PWPCL claim had been improperly granted. Id.; cf. Levy v. Verizon Info. Svcs., Inc., 498 F. Supp. 2d 586, 602 (E.D.N.Y. 2007) (acknowledging, based on Ressler, that "[a]ny deduction of earned wages not expressly authorized by law or regulation runs afoul of 43 PS § 260.3" but dismissing the PWPCL claim based on unlawful

deductions because the complaint failed to allege that the wages plaintiffs claimed were owed had been "earned" under the terms of the governing agreement).

Plaintiffs have indeed alleged that Defendants withheld various amounts from their respective sales commissions and that these adjustments constituted unauthorized deductions, thus depriving Plaintiffs of earned wages. The Court finds that, taken as true, the allegations of the Amended Complaint suffice to establish that Defendants violated the PWPCL by reducing wages earned by Plaintiffs in contravention of Section 260.3 and its implementing regulation, 34 Pa. Code § 9.1. The Court recognizes that Defendants have additionally argued that the PWPCL claim nevertheless fails because the governing Broker Agreement does not support Plaintiffs' position that gross commissions, without the adjustments Plaintiffs complain of, can be considered the equivalent of earned wages. Defendants contend that, because the PWPCL only entitles an employee to wages earned, per the terms of the Broker Agreement, Plaintiffs do not earn any purported wages until after certain amounts are set aside from the gross sales commission. The Court finds, however, that issues related to what amounts could be considered wages and when such wages could be considered earned raise questions of fact which go beyond the scope of this motion.

Finally, for the sake of completeness, the Court addresses Plaintiffs' attempt to bolster their claim by asserting that the Court can infer from the Amended Complaint that the parties entered into an implied employment contract, for services rendered by Plaintiffs to Defendants in selling and distributing Goya products in return for wages. Plaintiffs argue that, wholly apart from the Broker Agreement, the PWPCL claim for unpaid wages can proceed based on such an implied contract. Some courts, including the Third Circuit Court of Appeals, have indeed recognized that a PWPCL claim may be viable based on an implied, oral contract between the

parties, rather than an express, written agreement. De Asencio, 342 F.3d at 309 (holding that when "employees do not work under an employment contract or a collective bargaining agreement, plaintiffs will have to establish the formation of an implied oral contract between [the employer] and its employees" to assert a viable PWPCL claim); see also Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 954 (Pa. Super. Ct. 2011) ("[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer."). The Court, however, need not analyze these cases and their applicability to the case at bar. Neither the existence of such an implied contract nor the terms that would potentially entitle Plaintiffs to relief are pled in the Amended Complaint.

For the foregoing reasons, the Court concludes that the Amended Complaint withstands the Rule 12(b)(6) motion to dismiss. Under the standard of Iqbal and Twombly, the allegations are sufficient to permit Plaintiffs to proceed on their claim to recover wages under the PWPCL. The Court, however, makes no determination concerning the merits of the claim. In the foregoing analysis, it merely finds that Plaintiffs have pled sufficient factual allegations that plausibly state that Plaintiffs are employees of Defendants, that the sales commissions under the Broker Agreement constituted Plaintiffs' wages, and that the wages earned were not paid in full, as required by the PWPCL.

**III.   CONCLUSION**

Defendants' motion to dismiss the Amended Complaint will be denied. An appropriate

Order will be filed.


         _____s/ Stanley R. Chesler_____

         STANLEY R. CHESLER, U.S.D.J.

Dated: September 3, 2020