NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOSE ORTIZ, individually and on behalf of all others similarly situated, | : | **Civil Action No. 19-19003 (SRC)** |
|  | : |  |
|  | : | **OPINION & ORDER** |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| GOYA FOODS, INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**CHESLER**, District Judge

Defendants Goya Foods, Inc. and A.N.E. Services, Inc. (collectively, "Defendants") have moved for partial reconsideration of the Court's September 3, 2020 Order denying their motion to dismiss the First Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). In the underlying motion, the Court found that the Amended Complaint, which asserts one claim for relief under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., ("PWPCL"), meets the basic pleading requirements of Federal Rule of Civil Procedure 8(a). Thus, the Court permitted the PWPCL claim to proceed in its entirety. In this motion, Defendants maintain that the decision must be reconsidered to the extent it failed to dismiss two portions of the PWPCL claim: (1) recovery of wages unlawfully deducted to fund a "bad debt reserve account" and (2) recovery of wages reduced by shifting business expenses to Plaintiffs. Plaintiffs have opposed the motion. The Court has considered the

briefs submitted by the parties and rules without oral argument, pursuant to Federal Rule of Civil

Procedure 78. For the following reasons, the motion for reconsideration will be granted in part

and denied in part.

Motions for reconsideration are governed by Local Civil Rule 7.1(i). Under the rule, a

party seeking reconsideration must identify factual matters or controlling decisions of law that

were overlooked by the court in reaching its prior decision. Interfaith Cmty. Org. v. Honeywell

Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); Bryan v. Shah, 351 F. Supp. 2d 295, 297 n. 2

(D.N.J. 2005). To obtain the remedy of reconsideration, the moving party must show one of the

following: "(1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order; or (3) the need to correct a clear error of

law or fact or to prevent manifest injustice." See Banda v. Burlington County, 263 F. App'x

182, 183 (3d Cir. 2008) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.

1999)). "A court commits clear error of law 'only if the record cannot support the findings that

led to the ruling.'" Rich v. State, 294 F. Supp. 3d 266, 272 (D.N.J. 2018) (quoting ABS

Brokerage Servs., LLC v. Penson Fin. Servs., Inc., No. 09-4590, 2010 WL 3257992, at *6

(D.N.J. Aug. 16, 2010)). It is, indeed, well-settled that a party's "mere disagreement" with a

court's decision does not warrant reconsideration. Yurecko v. Port Auth. Trans. Hudson Corp.,

279 F. Supp. 2d 606, 609 (D.N.J. 2003); see also Rich v. State, 294 F. Supp. 3d at 272 (citing

various cases holding same). In the District of New Jersey, reconsideration has consistently been

viewed as "an extraordinary remedy" to be granted "very sparingly." White v. City of Trenton,

848 F. Supp. 2d 497, 500 (D.N.J. 2012) (quoting Interfaith Cmty. Org., 215 F. Supp. 2d at 507).

Applying this standard, the Court will grant Defendants' motion only insofar as it pertains to the Court's failure to dismiss the PWPCL claim based on unreimbursed business expenses.

Defendants correctly point out that, in deciding the motion to dismiss the Amended Complaint, the Court did not consider the viability of the PWPCL claim insofar as it seeks to recover unreimbursed business expenses. The PWPCL, the Court previously observed, authorizes a civil action for recovery unpaid wages but contains no substantive directive as to the wages themselves. See Sept. 3, 2020 Opinion at 5-6 [ECF 58]. The Court further observed that, according to decisional law interpreting and applying the statute, a plaintiff's entitlement to wages depends on the contract between the parties concerning compensation. See id. As Defendants argue in the instant motion for reconsideration, neither the PWPCL itself nor the Broker Agreement, the only potential employment contract identified in the Amended Complaint, entitle Plaintiffs to reimbursement of business costs and expenses. Although Plaintiffs claim that, as employees, they unlawfully bore various costs in connection with the performance of their sales work for Defendants, they have not indicated any statutory or contractual right to receive reimbursement for expenses incurred or pointed to a provision in the Broker Agreement in which Defendants agreed to cover expenses. Indeed, according to Paragraph 8 of the contract, it appears that the parties agreed that all expenses incurred in connection with performance of Plaintiffs' work for Defendants would be borne by Plaintiffs. In short, there is no indication that the amount of such costs and expenses could constitute a part of Plaintiffs' wages, as contemplated by the parties' agreement. Accordingly, Plaintiffs have failed to plead a colorable claim under the PWPCL premised on the alleged unlawful shifting of

business costs and expenses and/or the failure by Defendants to reimburse Plaintiffs for such amounts.  This portion of the PWPCL claim will accordingly be dismissed under Federal Rule of Civil Procedure 12(b)(6).

As to the unlawful deductions aspect of the claim, Defendants argue that the Court erred in not dismissing the PWPCL claim insofar as it is based on an alleged wage deduction that funds Plaintiffs' respective "bad debt reserve accounts." According to Defendants, even if Plaintiffs are assumed to be employees, this purported deduction is in fact carved out from the Plaintiffs' earned commission per the unambiguous terms of the Broker Agreement. The deduction, they argue, cannot be considered a part of earned wages and cannot, therefore, support a PWPCL claim. The Court, however, had fully considered Defendants' arguments regarding the parameters of the bargained-for compensation and the time at which it may be considered earned and concluded that, in spite of the contractual provisions, there were issues of fact precluding dismissal of the deductions-based claim.

Indeed, the contractual provisions on which Defendants rely to argue that the reserve account deduction is a pre-earning allotment or adjustment illustrates the trouble with resolving the earned compensation issue based on the Broker Agreement alone and in the absence of facts as to the implementation of the contract. Broker Agreement Paragraph 13, Defendants note, governs compensation and states: "Except as provided in Paragraph 16 below, commissions shall be deemed earned when goods are delivered and the invoice paid." (Broker Agreement at ¶ 13, ECF 50-6.) Paragraph 16, in turn, concerns the matter of "bad debts" and provides for Defendants' retention of 15% of weekly commissions to fund a bad debt reserve account. Defendants emphasize that Paragraph 16 expressly states that such retained commissions "shall be deemed earned when such monies are withdrawn by or paid to Broker by A.N.E." (Broker

Agreement at ¶ 16.) Based on this language, Defendants maintain, "Paragraph 16 of the Broker Agreements clearly and unambiguously provides that the amounts retained by A.N.E. to fund the 'bad debt reserve account' are not earned until paid.'" (Def. Br. at 12, ECF 64-1.) Following Defendants' logic, however, the contract on its face might countenance a situation in which wages, or at least a significant portion thereof, are not deemed earned by the employee until paid by the employer. Applying it in this way, by flattening the earning of the wage into the moment of payment, would gut the PWPCL's protection against an employer's failure to compensate an employee for his or her labor. See Moser v. Papadopoulos, 2011 WL 2441304, at *3 (E.D.Pa. June 16, 2011) (holding that the PWPCL was enacted "to provide employees a means of enforcing payment of wages and compensation withheld by an employer.") (quoting Shaer v. Orthopaedic Surgeons of Cent. Pa., Ltd., 938 A.2d 457, 464 (Pa. Super. Ct. 2007)). Moreover, as Plaintiffs observe in their opposition to this motion for reconsideration, the reserve account deduction is intertwined with the obligation, also set forth at Paragraph 16, that sales representatives pay a percentage of Defendants' "bad debts." Plaintiffs maintain that, contrary to Defendants' interpretation of the interplay between the compensation provision at Paragraph 13 and the bad debt provision at Paragraph 16, the reserve account deduction actually serves to secure the bad debt obligation. Plaintiffs contend that retaining a portion of commissions for the reserve account stands apart from the earned commission calculation and in fact does nothing more than subtract from earned commissions.

The Court notes these competing contractual interpretations to underscore its view that the Broker Agreement is not, as Defendants argue, unambiguous. As the Court previously held, the contractual provisions of the Broker Agreement are, by themselves and without greater factual development, simply not dispositive of Plaintiffs' claim that unlawful deductions have

deprived them of earned wages, contrary to the PWPCL. In sum, as to this aspect of the PWPCL claim, Defendants' basis for seeking reconsideration amounts to mere disagreement with the Court's ruling. Defendants point to no overlooked fact or controlling law which warrants reconsideration of the Court's decision that the claim withstands their motion to dismiss.

Accordingly, **IT IS** on this 29th day of October 2020,

**ORDERED** that Defendants' motion for reconsideration of the September 3, 2020 Order denying Defendants' motion to dismiss the Amended Complaint [ECF 64] **is GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that reconsideration of the September 3, 2020 Order is granted to the extent the decision pertains to Plaintiff's PWPCL claim based on unreimbursed business expenses; and it is further

**ORDERED** that the PWPCL claim is partially dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6), insofar as it seeks recovery of unreimbursed business expenses; and it is further

**ORDERED** that the remainder of Defendants' motion for reconsideration of the September 3, 2020 Order is denied.

               _____s/ Stanley R. Chesler_____
               STANLEY R. CHESLER, U.S.D.J.